UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVIE DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | )  No. 3:12 CV 121 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Stevie Davis, a *pro se* prisoner, filed an amended habeas corpus petition challenging a prison disciplinary proceeding. (DE # 9.) On August 9, 2011, a hearing officer at Miami Correctional Facility ("MCF") found Davis guilty of attempting or conspiring with another to commit trafficking in violation of disciplinary rules A111 and A113. (DE # 12-1.) He received a written reprimand and lost telephone and commissary privileges for 30 days. (*Id.*) The hearing officer also recommended that Davis serve six months in disciplinary segregation, lose 30 days of earned time credits, and be demoted to a lower credit-earning class, but all three of these sanctions were suspended. (*Id.*) Under the Indiana Department of Correction Adult Disciplinary Procedures ("ADP"), a suspended sanction can only remain in effect for six months, after which time it becomes unenforceable. (DE # 12-5 at 2.) More than six months have passed since the suspended sanctions were imposed, and they have not been enforced. (*See* DE # 12-2.)

Based on the above, respondent moves to dismiss the petition.[1] (DE # 11.) As respondent points out, the disciplinary proceeding at issue did not lengthen Davis's sentence, nor could it, since the suspended sanctions pertaining to his earned time credits have expired. Because the disciplinary proceeding did not lengthen his sentence, Davis cannot challenge it in a habeas petition. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a disciplinary sanction that affects the fact or duration of custody can be challenged under 28 U.S.C. § 2254). Instead, the sanctions imposed by the hearing officer affected the severity rather than the duration of Davis's custody. As the Seventh Circuit has instructed, "More restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Montgomery*, 262 F.3d at 644.

For the reasons set forth above, the motion to dismiss (DE # 11) is **GRANTED**, and the petition (DE # 9) is **DISMISSED**.

            **SO ORDERED.**

Date: October 1, 2012

            s/James T. Moody
            JUDGE JAMES T. MOODY
            UNITED STATES DISTRICT COURT

---

[1] More than 45 days have passed since the motion was filed, and Davis has not filed a response or objection.